CLOSED

# U.S. District Court
## Southern District of Florida (West Palm Beach)
## CRIMINAL DOCKET FOR CASE #: 9:14–mj–08176–WM All Defendants
### *Internal Use Only*

Case title: USA v. Yembe

Date Filed: 04/30/2014
Date Terminated: 04/30/2014

Assigned to: Magistrate Judge
William Matthewman

**Defendant (1)**

| | | |
|---|---|---|
| **Doris Henriette Yembe** | represented by | **Noticing FPD–WPB** |
| *TERMINATED: 04/30/2014* | | Email: wpb_ecf@fd.org |
| *also known as* | | *LEAD ATTORNEY* |
| Doris Henriette Yembe Pereira | | *ATTORNEY TO BE NOTICED* |
| *TERMINATED: 04/30/2014* | | *Designation: Public Defender Appointment* |
| *also known as* | | |
| Doris Y. Periera | | |
| *TERMINATED: 04/30/2014* | | |
| *also known as* | | |
| Henriette D'Antonio | | |
| *TERMINATED: 04/30/2014* | | |

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Opening)** | |
|---|---|
| None | |

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Terminated)** | |
|---|---|
| None | |

| **Complaints** | **Disposition** |
|---|---|
| Removal of Complaint to EDNY – 18:1343.F | |

**Plaintiff**

**USA**                                    represented by   **Jennifer C. Nucci**
                                                            U.S. Attorney's Office
                                                            500 S. Australian Avenue
                                                            Suite 400
                                                            West Palm Beach, FL 33401
                                                            561–820–8711
                                                            Fax: 561–805–9846
                                                            Email: jennifer.nucci@usdoj.gov
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*
                                                            *Designation: Retained*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 04/29/2014 |   |   | Arrest of Doris Henriette Yembe (kza) (Entered: 04/30/2014) |
| 04/30/2014 | 1 | 3 | Magistrate Removal of Complaint from New York Eastern Case number in the other District 14–M–403 as to Doris Henriette Yembe (1). (kza) (Entered: 04/30/2014) |
| 04/30/2014 | 2 | 15 | Minute Entry for proceedings held before Magistrate Judge William Matthewman: Initial Appearance in Rule 5(c)(3)/Rule 40 Proceedings as to Doris Henriette Yembe held on 4/30/2014. Defendant waives removal and requests detention hearing in EDNY. Waiver form executed and accepted by the Court. Warrant of Removal signed. Attorney added: Noticing FPD–WPB for Doris Henriette Yembe (Digital 10:15:05.) (kza) (Entered: 04/30/2014) |
| 04/30/2014 | 3 | 16 | Order on Initial Appearance as to Doris Henriette Yembe for proceeding held on 4/30/2014. Federal Public Defender appointed as permanent counsel of record. Removal/Identity hearing waived. Signed by Magistrate Judge William Matthewman on 4/30/2014. (kza) (Entered: 04/30/2014) |
| 04/30/2014 | 4 | 18 | WAIVER of Rule 5 and 5.1 Hearings by Doris Henriette Yembe (kza) (Entered: 04/30/2014) |
| 04/30/2014 | 5 | 19 | WARRANT OF REMOVAL ISSUED to District of New York Eastern (Brooklyn) as to Doris Henriette Yembe Signed by Magistrate Judge William Matthewman on 4/30/2014. (kza) (Entered: 04/30/2014) |

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

*14 - 8176 - WM*

|  |  |
|---|---|
| United States of America | ) |
| v. | ) |
| DORIS HENRIETTE YEMBE, also known as "Doris Henriette Yembe Pereira," "Doris Y. Pereira," and "Henriette D'Antonio," | ) Case No. *14 - M - 403* |
|  | ) |
|  | ) |
|  | ) |
| *Defendant* | ) |

FILED BY *PZ* D.C

APR 3 0 2014

STEVEN M. LARIMORE
CLERK U S. DIST. CT.
S D OF FLA - W.P.B.

## ARREST WARRANT

To:     Any authorized law enforcement officer

        **YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*    DORIS HENRIETTE YEMBE
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment     ☐ Superseding Indictment     ☐ Information     ☐ Superseding Information     ☑ Complaint
☐ Probation Violation Petition     ☐ Supervised Release Violation Petition     ☐ Violation Notice     ☐ Order of the Court

This offense is briefly described as follows:

   Wire fraud, in violation of 18 USC § 1343

Date:     04/28/2014                                      *Robert Levy*
                                                    *Issuing officer's signature*

City and state:     Brooklyn, New York                  Hon. Robert M. Levy, United States Magistrate Judge
                                                    *Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ at *(city and state)* _____ . |
| Date: _____                    _____ |
|                                       *Arresting officer's signature* |
|                                       _____ |
|                                       *Printed name and title* |

JN:JDL/KKO
F. #2014R00725

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

14 M 403

- - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

DORIS HENRIETTE YEMBE,
    also known as "Doris Henriette Yembe
    Pereira," "Doris Y. Pereira," and
    "Henriette D'Antonio,"

            Defendant.

C O M P L A I N T

(18 U.S.C. § 1343)

- - - - - - - - - - - - - -X

EASTERN DISTRICT OF NEW YORK, SS:

        Brian Colica, being duly sworn, deposes and states that he is a Special Agent

with the United States Department of Homeland Security, Homeland Security Investigations,

duly appointed according to law and acting as such.

        In or about and between April 2013 and April 2014, within the Eastern District of

New York and elsewhere, the defendant DORIS HENRIETTE YEMBE, also known as "Doris

Henriette Yembe Pereira," "Doris Y. Pereira," and "Henriette D'Antonio," together with

others, having devised a scheme and artifice to defraud and to obtain money by means of

materially false and fraudulent pretenses, representations and promises, did knowingly and

intentionally transmit and cause to be transmitted writings, signs, signals, pictures and sounds

by means of wire communication in interstate and foreign commerce for the purpose of

executing said scheme and artifice.

        (Title 18, United States Code, Section 1343)

2

The source of your deponent's information and the grounds for his belief are as follows:[1]

1.       I am a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI"), and have been involved in numerous fraud investigations.   Through my training, education and experience, I have become familiar with (a) the manner in which frauds are committed; (b) the methods used by persons committing fraud to launder the proceeds of their criminal activities; and (c) the efforts of persons involved in such activity to avoid detection by law enforcement.   I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the investigative file, including bank records; and from reports of other law enforcement officers involved in the investigation.

## THE FRAUDULENT SCHEME

2.       Between approximately April 2013 and the present day, the defendant DORIS HENRIETTE YEMBE, also known as "Doris Henriette Yembe Pereira," "Doris Y. Pereira," and "Henriette D'Antonio," together with others, executed a fraudulent scheme through the following companies: Wall Street Investing Group ("WSIG"), Pereira and Wall Street Investing Group, and Trinity International Investments ("Trinity").

3.       Generally speaking, the scheme worked as follows.   Individuals or companies (the "victim borrowers") interested in obtaining financing would come into contact with the defendant DORIS HENRIETTE YEMBE, also known as "Doris Henriette Yembe

---

[1]       Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

3

Pereira", "Doris Y. Pereira," and "Henriette D'Antonio," who held herself out as an executive

of entities that purportedly were in the business of arranging commercial financing.   YEMBE

would agree to arrange financing for the victim-borrowers, but YEMBE would inform the

victim-borrowers that, in order to secure financing, the victim-borrowers would need to provide

YEMBE with roughly one percent of the value of the financing.   YEMBE told the

victim-borrowers that she needed the funds to purchase a surety bond that would be issued in

connection with the victim-borrowers' financing.   In reliance on YEMBE's representations,

the victim-borrowers would wire funds to accounts designated by YEMBE.   YEMBE received

funds from victim-borrowers; however, she would not purchase a true surety bond or provide

the victim-borrowers with financing.   On occasion, YEMBE would provide victim-borrowers

with a forged copy of the surety bond.   When the victim-borrowers would inquire about the

status of their financing or complain about the delay in the financing process, YEMBE would

string the victim-borrowers along by providing them with excuses as to why their financing had

been delayed.   Instead of using the victim-borrowers' money as promised, YEMBE

misappropriated the funds the victim-borrowers had given her by transferring the funds to other

accounts and using the funds to pay for personal expenses, luxury cars and a cooperative

apartment.   Through this scheme, YEMBE has received more than $1 million.   Identified

below are particular examples of YEMBE's fraudulent conduct in connection with the

victim-borrowers.

I.      VICTIM #1

4.      In or about May 2013, Victim #1 came into contact with WSIG.   Victim

#1 spoke on the telephone to the defendant DORIS HENRIETTE YEMBE, also known as

"Doris Henriette Yembe Pereira," "Doris Y. Pereira," and "Henriette D'Antonio," who held

4

herself out as the "president" of WSIG.   YEMBE told Victim #1 that WSIG would provide financing and that the funds would be coming from investors in Dubai, United Arab Emirates. YEMBE further told Victim #1 that, as a condition of the financing, Victim #1 needed to provide one percent of the value of the financing – $10,000 – to YEMBE so that WSIG could purchase a surety bond from Barclays bank.

5.      On or about May 30, 2013, Victim #1 sent approximately $10,050 by wire transfer to a Bank of America account ending in 4525, located in Holbrook, New York, and maintained in the name of "DBA Pereira & Wall Street Investing Group, Doris Henriette Yembe Sole Prop" (the "BOA 4525 Account").   On or about June 4, 2013, the defendant DORIS HENRIETTE YEMBE, also known as "Doris Henriette Yembe Pereira," "Doris Y. Pereira," and "Henriette D'Antonio," then sent by e-mail to Victim #1 a document that purported to be a "Surety Insurance Bond" issued by "BARCLAYS CORPORATE BANKING, LONDON."

6.      The defendant DORIS HENRIETTE YEMBE, also known as "Doris Henriette Yembe Pereira," "Doris Y. Pereira," and "Henriette D'Antonio," eventually communicated to Victim #1 that YEMBE was unable to release the funds for the financing until she met a "quota" of financing placed.   YEMBE asked Victim #1 to increase the amount of the financing by an additional $4 million, for a total of $5 million, so that she could meet the quota. Victim #1 agreed and, on or about July 29, 2013, sent approximately $40,000 by wire transfer to the BOA 4525 Account.

7.      The defendant DORIS HENRIETTE YEMBE, also known as "Doris Henriette Yembe Pereira," "Doris Y. Pereira," and "Henriette D'Antonio," did not provide the financing, and Victim #1 began to complain.   Eventually, after repeated complaints by Victim

5

#1, YEMBE sent two separate wire transfers of $10,000 to Victim #1.   YEMBE did not,

however, provide the financing.   Victim #1 then demanded that YEMBE return the remaining

$30,000 that Victim #1 had sent to her, but YEMBE never returned the $30,000.

        8.     Agents have been in contact with representatives of Barclays bank.

Barclays bank has confirmed that the $10,000 "Surety Insurance Bond" is not an authentic bond

issued by Barclays Bank and that it does not have a business relationship with either YEMBE or

WSIG.

II.    <u>VICTIMS #2 AND #3</u>

        9.     In or about June 2013, Victims #2 and #3 came into contact with WSIG.

In or about July 2013, Victims #2 and #3 traveled to New York to meet with the defendant

DORIS HENRIETTE YEMBE, also known as "Doris Henriette Yembe Pereira," "Doris Y.

Pereira," and "Henriette D'Antonio," who held herself out as "Doris Y. Pereira."   Victims #2

and #3 met with YEMBE in Manhattan, New York.   At the meeting, YEMBE represented that

she could obtain $113 million in financing for Victims #2 and #3 through her company, WSIG,

if Victims #2 and #3 paid roughly one percent of the value of the financing, which she said

would be used to purchase a surety bond.   Victims #2 and #3 executed an agreement with

WSIG which provided that WSIG would arrange $113 million in financing after it received

$1,060,000 from Victims #2 and #3.

        10.    On or about July 30, 2013, Victim #2 wired $775,000 to the BOA 4525

Account, and on or about July 31, 2013, a company controlled by Victims #2 and #3 wired

$284,975 to the BOA 4525 Account.

        11.    The defendant DORIS HENRIETTE YEMBE, also known as "Doris

Henriette Yembe Pereira," "Doris Y. Pereira," and "Henriette D'Antonio," then began to stall

6

Victims #2 and #3, when they began to question YEMBE about the status of the financing.
YEMBE repeatedly promised them that the funds would materialize.   As recently as March
2014, on a conference call, YEMBE assured Victims #2 and #3 that they would receive the
funds.   To date, YEMBE has not provided any of the funds and continues to keep VICTIMS #2
and #3 at bay.   Instead of using the advance payment for a surety bond to secure financing,
YEMBE misappropriated the funds within days through transfers to another account under
YEMBE's control and the purchase of a luxury items, including a Porsche and a cooperative
apartment.

     A.    <u>Purchase of a Porsche Boxster</u>

     12.    On or about July 31, 2013, the same date that Victims #2 and #3
completed their payment for the surety bond, $5,000 was withdrawn from the BOA 4525
Account and used to purchase a cashier's check made payable to Porsche of Huntington from
remitter "Pereira & Wall Street Investing Group."   This cashier's check was used as partial
payment for a Porsche Boxster sports car.

     13.    On or about August 2, 2013, $82,000 was transferred from the BOA 4525
Account to another Bank of America account, ending in #4567, held in the name of "DBA
Pereira & Wall Street Investing Group, Doris Henriette Yembe Sole Prop." (the "BOA 4567
Account").

     14.    On or about August 12, 2013, $82,153.73 was withdrawn from the BOA
4567 Account and used to purchase a cashier's check made payable to Porsche of Huntington.

     15.    A Porsche of Huntington purchase order form dated July 31, 2013, shows
that the Porsche Boxster's total cost was $87,153.73, and that the purchaser was Pereira & Wall
Street Investing Group.

7

16.     Agents have examined the Facebook page of defendant DORIS HENRIETTE YEMBE, also known as "Doris Henriette Yembe Pereira," "Doris Y. Pereira," and "Henriette D'Antonio," which contains a photograph of YEMBE posing next to a Porsche Boxster.   Agents have compared the photograph of YEMBE from her Facebook page with a photograph from her alien file and have confirmed that they are the same person.   Victim #2 independently viewed YEMBE's Facebook page and identified YEMBE.

B.     Purchase of Cooperative Apartment

17.     On or about August 9, 2013, the defendant DORIS HENRIETTE YEMBE, also known as "Doris Henriette Yembe Pereira," "Doris Y. Pereira," and "Henriette D'Antonio," transferred $10,000 from the BOA 4525 Account to another Bank of America account, ending in #8525, held in the name of Matthew J. Dantonio and Doris Henriette Yembe (the "BOA 8525 Account").

18.     On or about the same date, a cashier's check was issued in Florida with funds withdrawn from the BOA 8525 Account in the amount of $10,000.   The cashier's check was made payable to Home Run Real Estate.

19.     On or about September 9, 2013, a proprietary lease for a cooperative apartment was entered into between the defendant DORIS HENRIETTE YEMBE, also known as "Doris Henriette Yembe Pereira," "Doris Y. Pereira," and "Henriette D'Antonio," as lessee, and Royal Saxon, Inc., as lessor.

20.     On or about September 10, 2013, $65,315 was wired from the BOA 4525 Account to Rabideau Law Real Estate.   The wire information referenced "Royal Saxon closing."

21.    On or about September 12, 2013, a document titled "Owner's Proprietary Lease Certificate of Incorporation" was recorded in Palm Beach County, Florida.   The top left corner of the cover page bears the return address of "Rabideau Law."   On the top right corner of the cover page, under the recording date and county name is the amount "$75,000.00."

III.    VICTIM #4

22.    At some point after receiving the wire transfers from Victims #2 and #3, WSIG's webpage was taken down from the Internet.   A confidential informant, whose information has been independently corroborated, informed agents that the defendant DORIS HENRIETTE YEMBE, also known as "Doris Henriette Yembe Pereira," "Doris Y. Pereira," and "Henriette D'Antonio," is now doing business under the name Trinity International Investments ("Trinity").

23.    Victim #4 posted a message on an investment website seeking financing. In response to the post, the defendant DORIS HENRIETTE YEMBE, also known as "Doris Henriette Yembe Pereira," "Doris Y. Pereira," and "Henriette D'Antonio," identifying herself as "Henriette D'Antonio," indicated that she would be able to provide such financing on behalf of Trinity.   YEMBE held herself out variously as a "manager" or "director" of Trinity in communications with Victim #4.

24.    On or about February 13, 2014, the defendant DORIS HENRIETTE YEMBE, also known as "Doris Henriette Yembe Pereira," "Doris Y. Pereira," and "Henriette D'Antonio," and Victim #4 entered into a written agreement for Trinity to arrange approximately $5 million in financing to Victim #4.   YEMBE further told Victim #4 that, as a condition of the financing, Victim #4 needed to provide one percent of the value of the financing – $50,000 – to Trinity so that Trinity could purchase a surety bond from Barclays

9

bank.  The agreement specified that the $50,000 was to be sent to "Trinity International Investments, Legal Department" and provided a Wells Fargo Bank, NA account held in the name of an attorney (the "Trinity Account").  Bank records show that the Trinity Account is held in the name "Mobile Closings USA PC."

25.    On or about February 20, 2014, Victim #4 sent wire transfers totaling $50,000 to the Trinity Account.

26.    On or about April 8, 2014, Victim #4 sent an e-mail to "Henriette D'Antonio" at the e-mail address "info@trinityinternationalinvestments.com" that stated, in sum and substance, that Trinity was not living up to its stated time schedule and commitments and accused Trinity of committing fraud.  In response, "Henriette D., Director of Finance/Investments Manager" sent an e-mail to Victim #4 and recipient "m.owen@barclayscorporatebanking.com" stating, among other things, that she had copied "[t]he Banker at Barclays Bank."  Barclays bank has confirmed to agents that it does not use the e-mail suffix "@barclayscorporatebanking.com" and that Barclays does not have a business relationship with Trinity.

27.    YEMBE and Trinity did not obtain financing for Victim #4, and they did not use the $50,000 advance fee to purchase a surety bond through Barclays bank or any other source.  YEMBE and Trinity also did not return the advance fee to Victim #4.  Instead, the funds were used to purchase a luxury car and were otherwise substantially dissipated.

A.    Purchase of Porsche Cayenne

28.    On or about February 24, 2014, four days after receiving $50,000 from Victim #4, $49,000 was transferred from the Trinity Account to a Citibank account, ending in #3581 (the "Citibank Account").

10

29.     A Porsche of Huntington purchase order form and attached credit card receipt, both dated March 15, 2014, show that "Doris H. Yembe" ordered a Porsche Cayenne sport utility vehicle and made a deposit of $2,000 by credit card.   The purchase order form lists YEMBE's telephone number as (631) 672-5058, the same number Victim #4 used to communicate with YEMBE.

30.     On or about March 19, 2014, $70,000 was transferred from the Trinity Account to the Citibank Account.

31.     On or about April 9, 2014, $69,269.68 was withdrawn from the Citibank Account and used to purchase a cashier's check made payable to Porsche of Huntington from remitter "Doris H. Yembe."

32.     A Porsche of Huntington vehicle invoice dated April 9, 2014, shows that "Doris Henriette Yembe" purchased a Porsche Cayenne.   On this document, the total invoice price, less the $2,000 deposit and cash on delivery that covered optional equipment and accessories, was $69,269.68, the same amount as the cashier's check.   The total invoice price for the Porsche Cayenne was $71,269.68.

33.     On or about April 9, 2014, agents observed the defendant DORIS HENRIETTE YEMBE, also known as "Doris Henriette Yembe Pereira," "Doris Y. Pereira," and "Henriette D'Antonio," pick up a Porsche Cayenne from Porsche of Huntington.

11

WHEREFORE, your deponent respectfully requests that the defendant DORIS

HENRIETTE YEMBE, also known as "Doris Henriette Yembe Pereira," "Doris Y. Pereira,"

and "Henriette D'Antonio," be dealt with according to law.

_____

Brian Colica
Special Agent, United States Department of
Homeland Security, Homeland Security
Investigations

Sworn to before me this
28th day of April, 2014

_____
THE HONORABLE ROBERT M. LEVY
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

# CRIMINAL COURT MINUTES

Page: 1

# U.S. Magistrate Judge William Matthewman

**Courtroom Number # 2**          Date: **APRIL 30, 2014**     Time: **10:00 am**

Defendant: DORIS HENRIETTE YEMBE (J) J#: ____     Case #: 14-8176-WM

AUSA: JENNIFER NUCCI ✓          Attorney: FPD - LORI BARRIST

Violation: REMOVAL TO NEW YORK EASTERN     Agent: DANIEL RICHICHI / DAVID DICONZA – S/A HSI

Proceeding: INITIAL APPEARANCE ON REMOVAL     CJA Appt: ____

Bond/PTD Held: ⊂ Yes   ⊂ No     Recommended Bond: ____

Bond Set at: ____          Co-signed by: ____

FILED by ____ D.C.
APR 3 0 2014
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.

Language: ENGLISH

- ☐ All standard conditions
- ☐ Surrender and/or do not obtain passport/travel docs
- ☐ Report to PTS as directed/or ____ x's a week/month by phone: ____ x's a week/month in person
- ☐ Random urine testing by Pretrial Services and/or treatment as deemed necessary
- ☐ Refrain from excessive use of alcohol
- ☐ Participate in mental health assessment & treatment
- ☐ Maintain or seek full-time employment/education
- ☐ No contact with victims/witnesses
- ☐ No firearms
- ☐ Not to encumber property
- ☐ May not visit transportation establishments
- ☐ Home Confinement/Electronic Monitoring and/or Curfew ____ p.m. to ____ a.m., paid by ____
- ☐ Allowances: Medical needs, court appearances, attorney visits, religious, employment
- ☐ Travel extended to: ____
- ☐ Other: ____

Disposition:
DEFENDANT SWORN, ADVISED OF CHARGES, POSSIBLE MAXIMUM PENALTIES AND RIGHTS

THE COURT QUESTIONS DEFENDANT FOR APPOINTMENT OF COUNSEL. THE COURT FINDS THAT DEFENDANT QUALIFIES - FPD APPOINTED GOVERNMENT REQUESTS PRETRIAL DETENTION

DEFENDANT + COUNSEL CONSULT
DEFENDANT WAIVES REMOVAL + REQUESTS DETENTION HEARING IN EDNY
WAIVER FORM EXECUTED + ACCEPTED BY THE COURT
WARRANT OF REMOVAL SIGNED

| NEXT COURT APPEARANCE | Date: | Time: | Judge: | Place: |
|---|---|---|---|---|
| Report RE Counsel: | | | | |
| PTD/Bond Hearing: | | | | |
| Prelim/Arraign or Removal: | | | | |
| Status Conference RE: | | | | |

D.A.R. 10:15:05          Time in Court: 10:15 - 10:36 AM (21 MINS)

Courtroom Deputy: Kenneth J. Zuniga

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. _14-8176-WM_

UNITED STATES OF AMERICA

              Plaintiff,

v.

DORIS HENRIETTA YEMBE,

              Defendant.

_____/

FILED by _____ D.C.

APR 3 0 2014

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

**ORDER ON INITIAL APPEARANCE**

AUSA _JENNIFER NUCCI_        Language _ENGLISH_

Agent _DANIEL RICHICHI - S/A - HSI_  DAR: _10:15:05_

       The above-named defendant having been arrested on _4/29/2014_, having appeared before the
court for initial appearance **on** _4/30/2014_ and proceedings
having been held in accordance with **Fed.R.Cr.P. r. 5 or 40(a)**, it is thereupon

       **ORDERED** as follows:

1. _____ appeared as permanent/temporary counsel of record.
    Address:_____
    Zip Code: _____ Telephone: _____

2. _FEDERAL PUBLIC DEFENDER_ appointed as permanent counsel of record.
    Address: _450 AUSTRALIAN AVE, SUITE 500 WEST PALM BEACH, FL_
    Zip Code: _33401_ Telephone: _(561) 833-6288_

3. The defendant shall attempt to retain counsel and shall appear before the court at 10:00 a.m. on
    _____, 2014.

4. ~~**Preliminary/Arraignment/Removal/Identity**~~ hearing is set for _10am_ _WAIVED_, 2014.

5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f)
    because _____
    A **detention hearing**, pursuant to 18 U.S.C. Section 3142(f), is set for _10am_ _____, 2014.

6. The defendant shall be release from custody upon the posting of the following type of appearance bond,
    pursuant to 18 U.S.C. Section 3142:
    _____
    _____

    This bond shall contain the standard conditions of bond printed in the bond form of this Court and, in
addition, the defendant must comply with the special conditions checked below:
    ___a. Surrender all passports and travel document to the Pretrial Services Office.
    ___b. Report to Pretrial Services as follows:___times a week by phone, ___time a week in person;
        other: _____
    ___c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances
        prohibited by law.

___d. Maintain or actively seek full time gainful employment.
___e. Maintain or begin an educational program.
___f. Avoid all contact with victims of or witnesses to the crimes charged.
___g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
___h. Comply with the following curfew: _____
___i. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.
___j. Comply with the following additional special conditions of this bond:
_____
_____

This bond was set: At Arrest _____
                   On Warrant _____
                   After Hearing _____

If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is _____
_____
_____
_____

_____ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond.  Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forththerein or those later ordered by the court, the defendant is subject to arrest and revocation of release  and to various civil and criminal sanctions for any violation of those conditions. These various sanctions and penalties are set forth more fully in the Appearance Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond has been executed in accordance with this or subsequent court order.

**DONE AND ORDERED** at <u>West Palm Beach, FL</u>  this ___30___ day of ___APRIL___, 2014.

_____
**WILLIAM MATTHEWMAN**
**UNITED STATES MAGISTRATE JUDGE**

c: Assistant U.S. Attorney
   Defense  Counsel
   Pretrial Services/Probation

AO 466A (Rev. 12/09)  Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Florida

FILED by ___ D.C.

APR 3 0 2014

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. — W.P.B.

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No.   14-8176-WM |
| DORIS HENRIETTE YEMBE | ) | |
| _____Defendant_____ | ) | Charging District's Case No.   14-M-403 |

### WAIVER OF RULE 5 & 5.1 HEARINGS
### (Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)*   NEW YORK EASTERN

I have been informed of the charges and of my rights to:

(1)     retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)     an identity hearing to determine whether I am the person named in the charges;

(3)     production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)     a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise —
        unless I am indicted — to determine whether there is probable cause to believe that an offense has
        been committed;

(5)     a hearing on any motion by the government for detention;

(6)     request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☒     an identity hearing and production of the warrant.

☐     a preliminary hearing.

☐     a detention hearing.

☒     ~~an identity hearing, production of the warrant, and any preliminary or~~ detention hearing to which I may
        be entitled in this district.  I request that ~~these~~ hearing be held in the prosecuting district, at a time set
        by that court.   the detention only  VB

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are
pending against me.

Date:   APRIL 30, 2014

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

Lori Barrist, A.F.P.d.
*Printed name of defendant's attorney*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 14 -8176 - WM

UNITED STATES OF AMERICA,
            Plaintiff,

    v.

DORIS HENRIETTE YEMBE,
            **Defendant.**
_____/

FILED by _____ D.C.

APR 3 0 2014

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## **WARRANT OF REMOVAL**

A(n) __X__ Complaint

_____ Indictment

_____ Information

_____ Probation Violation Warrant

_____ Supervised Release Violation Warrant

_____ Bench Warrant

having been filed in the __EASTERN__ District of __NEW YORK (BROOKLYN)__, charging
the above named defendant with __18 ! 134 3__, and the defendant having

_____ surrendered

__X__ been arrested

in the Southern District of Florida, having had an initial appearance before the Court and
having:

__X__ waived further hearing

_____ been given a hearing in accordance

with **Fed.R.Crim.P. 40.**

having not posted the bail as set by the Court, the defendant is hereby committed to the custody of the United States Marshal for removal to the District where the charge is pending and delivery to the United States Marshal for that District or his lawfully authorized representative.

**DONE AND ORDERED** at West Palm Beach, Florida this ___30___$^{TH}$ day of ___APRIL___, 2014.

_____
**WILLIAM MATTHEWMAN**
**UNITED STATES MAGISTRATE JUDGE**

c: AUSA
   Defense
   Pretrial Services
   US Probation
   U.S. Marshal (2 certified copies)